Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 96 C 8277 | DATE | September 25, 2000 |
| CASE TITLE | *Samson v. M.J. Wilkow* | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff Judith Samson's motion for award of attorneys' fees [39-1] and motion to alter or amend judgment to include an award of prejudgment interest [35-1] are GRANTED. Plaintiff is directed to submit, within thirty (30) days, the required documentation of its attorneys's fees as required under Local Rule 54.3 and to submit the required calculation of prejudgment interest based on 28 U.S.C. § 1961.
(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | SEP 2 8 2000 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 SEP 26 AM 8: 53 | date mailed notice |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 49

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH SAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Hon. Blanche M. Manning |
| ) | |
| v. ) | 96 C 8277 |
| ) | |
| ) | |
| M & J WILKOW MANAGEMENT CORP., ) | |
| ) | |
| Defendant. ) | |

**DOCKETED SEP 28 2000**

## MEMORANDUM AND ORDER

Before this court is Plaintiff Judith Samson's ("Samson") motion for award of attorneys' fees, brought under 29 U.S.C. §1132(g)(1) and motion to alter or amend judgment to include an award of prejudgment interest, under Federal Rule of Civil Procedure 59(e), against Defendant M & J Wilkow Management Corporation ("Wilkow"). For the reasons that follow, Samson's motions are GRANTED.

### Background

On September 29, 1999, this court granted Plaintiff Samson's motions for summary judgment, pursuant to Federal Rule of Civil Procedure ("FRCP") 56 and for declaratory judgment, pursuant to FRCP 57. In ruling in favor of Samson, this court held that Wilkow improperly denied Samson medical benefits under the "M & J Wilkow Management Corporation Employee Health Care Plan" (the "Plan").[1] Specifically, this court found that Samson was entitled to recover medical benefits under the Plan even though another insurance company (State

---

[1] A more detailed discussion of the facts in this case is contained in this court's Order dated February 10, 2000.

Farm) had already paid most of her medical costs under a separate medical policy. (Order at 10-13.) This court's ruling was based on the finding that Samson had paid two premiums for two separate medical insurance policies and that the plain language of the Plan and the relevant case law entitled Samson to receive additional benefits under the Plan. (Id. at 11.)

On January 7, 2000, Samson filed a "Motion for Attorney's Fees," contending that Wilkow's position in contesting her medical benefits under the Plan was not substantially justified. (Pl. Mot. at 1-2.) In its "Response to Plaintiff's Motion for Attorney's Fees," Wilkow contends that Samson should not receive its attorneys' fees because Wilkow's denial of coverage under the Plan was "substantially justified" under the language of the Plan and the prevailing case law.[2] (Def. Resp. at 3-5.)

## Analysis

### I. Motion for Attorneys' and Costs

In an ERISA action, "the court in its discretion may allow reasonable attorney's fees and costs of the action to either party." 29 U.S.C. § 1132(g)(1). The Seventh Circuit has articulated two tests for determining the award of attorney's fees in ERISA actions: (1) the five-factor test; and (2) the "substantially justified" test. Quinn v. Blue Cross & Blue Shield Association, 161 F.3d 472, 478 (7th Cir.1998) (citing, Filipowicz v. American Stores Benefit Plans Committee, 56 F.3d 807, 816 (7th Cir.1995); Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 830 (7th cir.1984)).

---

[2] Both parties have indicated that they will submit the appropriate documentation regarding fees pursuant to Local Rule 54.3 after the Court rules on whether an award of fees is warranted. (Def. Resp. at 1-2.) This is contrary to Local Rule 54.3(d), which states that "[t]he parties involved shall confer in good faith to agree on the amount of fee . . . that should be awarded prior to filing a fee motion."

-2-

Under the five-factor test, the court considers: (1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; (3) whether or not an award of attorney's fees against the offending party would deter other persons acting under similar circumstances; (4) the amount of benefits conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions. Filipowicz, 56 F.3d at 816. This test is usually used in a case where the plaintiff is the prevailing party. Bittner, 728 F.2d at 830.

The second test looks to whether or not the losing party's position was "substantially justified." Bittner, 728 F.2d at 830. In other words, that the losing party's position was "more than merely not frivolous, but less than meritorious." Id. The prevailing party need not show that the losing litigant had a "subjective bad faith" in contesting coverage. Production and Maintenance Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1405 (7th Cir.1992). Instead, the party seeking fees need merely show that the losing party's position did not have "a solid basis in law and fact." Leniek v. Amco Indus., Inc. Profit Sharing and 401(K) Plan, No. 94 C 5239, 1996 WL 467248, *11 (N.D. Ill. Aug. 13, 1996).

Under this second test, there is a "modest presumption . . . in favor of awarding reasonable attorney's fees to the winning party." Id. See also Production and Maintenance Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1405 (7th Cir.1992). However, this presumption is not irrebutable. Harris Trust & Savings Bank v. Provident Life & Accident Insurance Co., 57 F.3d 608, 617 (7th Cir.1995).

In the end, "[w]hichever approach is used, the bottom-line question is essentially the same: was the losing party's position substantially justified and taken in good faith, or was that party

simply out to harass its opponent?" Meredith v. Navistar International Transportation Corp., 935 F.2d 124, 128 (7th Cir.1991). See also Wyatt v. Unum Life Ins. Co. of America, No. 00-1127, 2000 WL 1118965, at *5 (7th Cir. Aug. 7, 2000).

In Wyatt, 2000 WL 1118965, at *5-6, the Seventh Circuit affirmed the district court's award of attorneys' fees to an insured who was wrongly denied benefits in violation of ERISA. The plaintiff in Wyatt voluntarily purchased two insurance policies that provided for long-term disability benefits. Id. at *1. After the plaintiff was severely injured, he applied for benefits under both policies. Id. Under the policy issued by the defendant insurance company, the plaintiff was entitled to benefits subject to "an offset of $670 per week that he was getting from [the other insurance company]." Id. After the plaintiff received a $4 million settlement with a third party for his injuries, he requested that the defendant insurance company "discontinue the $670 offset against his benefits because he was no longer eligible for benefits under [the other policy]." Id.

In contesting its obligation under the policy, the defendant argued that the plaintiff was not entitled to an offset because: (1) even though the plaintiff would not receive any future payments under the other policy, he was still "eligible" for payments under the other policy; and (2) that the law against "double recovery" prevented the plaintiff from receiving his full benefits under the defendant's plan. Id. at *3-5.

Rejecting the defendant's arguments, the Seventh Circuit in Wyatt held that:

> employees . . . are free to purchase on the open market insurance coverage of their choosing . . . . They may even purchase more than one policy for the purpose of guaranteeing higher recoveries. <u>Those employees and insurance companies must agree to the terms of those policies and are free to include provisions preventing double recoveries.</u>

Id. at *5 (emphasis added). The court noted that the defendant could not point to any provisions

-4-

in its own policy that prevented double recovery, and that the "plain language of the policy" supported the plaintiff's contention that he was entitled to benefits under the defendant's plan. Id.

In affirming the district court's award of attorneys' fees, the Seventh Circuit noted that "[t]he district court held that the facts of this case were so easily distinguishable from the case law cited to support [the defendant's] decision [to not pay the benefits under the policy], and the legal claim it made sufficiently weak, that [the defendant] was unreasonable in opposing [the plaintiff's] claim." Id. at *5.

Here, Defendant Wilkow argues Samson is not entitled to attorneys' fees because Wilkow's denial of benefits was "substantially justified" in light of the fact that: (1) case law supports the proposition that "double recoveries are not permitted under ERISA"; (2) the language of the Plan barred recovery for expenses "previously paid" by Samson's other insurer; and (3) Samson's other insurance was required under state law, and therefore, under the "Coordination of Benefits" provision of the Plan Samson was not eligible for recovery beyond the expenses that she actually incurred. (Def. Resp. at 2-5).

However, similar to the defendant in Wyatt, Wilkow's contentions are without a solid basis in fact and law because (A) the plain language of the Plan and (B) the relevant case law does not support Wilkow's decision to deny Samson her benefits under the Plan.

### A. The Plain Language of the Plan Entitled Samson to Benefits.

ERISA requires employee benefit plans to be in writing and its express terms control so as to insure that employees receive the benefits promised to them in writing. Matthews v. Sears Pension Plan, 1997 WL 392245, *1 (N.D. Ill. 1997)(citing Schoonmaker v. Employee Savings Plan of Amoco Corp. and Participating Companies, 987 F.2d 410, 413 (7th Cir. 1993)). Here, as

explained in detail in this Court's February 10, 2000 Order, the plain language of the Plan does not support Wilkow's denial of coverage or its instant argument that such denial was "substantially justified."

For example, Wilkow's argument that the "Coordination of Benefits" provision of the Plan justified its denial of benefits, was clearly without a solid basis in law and fact. As detailed in this court's prior Order, contrary to Wilkow's contention on p. 5 of its Response, Section 601 of the Illinois Insurance Code did not require Samson to purchase medical insurance, only automobile liability insurance. (February 10, 2000 Order at 6-8.) Therefore, the "Coordination of Benefits" provision of the Plan clearly did not justify Wilkow's denial of Samson's benefits.

Similarly, Wilkow's other argument based on the language of the Plan is also without a solid basis in fact and law. Wilkow contends that the denial of benefits was justified because under the Plan Wilkow was not required to pay for costs that Samson was not legally required to pay, and therefore, since State Farm already paid on several, if not all, medical expenses for which recovery is sought in this suit, Wilkow was not legally required to pay the medical expenses. (February 10, 2000 Order at 8-9; Def's Resp. at 4.)

In support of this argument, Wilkow advanced one case, Perry v. United Food & Commercial Workers District Unions 405 and 442, 64 F.3d 238, 242 (6th Cir. 1995). As explained in more detail in this court's Order, Perry is distinguishable from the instant action. (February 10, 2000 Order at 8-9.) In Perry, the district court considered whether a federal Medicare statute would allow the plaintiff (insured) to recover from a private carrier and Medicare. Id. at 240. This case, however, involves two, independent (and primary) insurance policies for which two separate insurance premiums were paid without a tie to each other.

Moreover, neither policy was, by its own form, designated as a supplemental or secondary insurance policy. State Farm did notify Wilkow after the accident that it (State Farm) would pay Samson's expenses to the limitations of the State Farm policy. However, notwithstanding this intra-carrier stand, Samson's contractual rights under each policy were independent.

Furthermore, unlike <u>Perry</u>, in this case a Medicare statute is not applicable. As the <u>Perry</u> court noted, "'[t]he sole interest of Congress, as far as the statute discloses, was to provide that Medicare would not have to pay ahead of private carriers in certain situations. Where that interest is not affected . . . we see no reason why the pertinent contractual provisions should not be enforced in accordance with their terms.'" <u>Id.</u> at 244 (quoting <u>Baptist Memorial Hospital v. Pan AmericanLife Ins. Co.</u>, 45 F.3d 992, 996-98 (6th Cir. 1995)). Plainly, since two "private carriers" are called to answer for medical expenses, not Medicare, and the proposed Congressional intent of the Medicare statute is absent, the pertinent contractual provisions of the Wilkow policy must be respected. <u>See</u> <u>Baptist Memorial Hospital</u>, 45 F.3d at 996 (when no claim is being asserted against Medicare, the Medicare Secondary Payer statute and implementing regulations do not affect contractual regulations under which one insurer's coverage is secondary to that of another).

Consequently, Samson was entitled to benefits under the plain language of the Plan, and Wilkow's denial of benefits was without a solid basis in fact and law.

### B. The Relevant Case Law Dictates that Samson Should Have Received Benefits.

Likewise, Wilkow's contention that "double recoveries are not permitted under ERISA" is without a solid basis in fact and law. (Def. Resp. at 3.) In support of this argument, Wilkow

advanced one case, Mira v. Nuclear Measurements Corp., 107 F.3d 466 (7th Cir. 1997), which this court distinguished from the instant case in its February 10, 2000 Order. (February 10, 2000 Order at 9-11.) Moreover, as detailed in its Order, there are a litany of cases that require an insurer to pay secondary benefits where an insured, such as Samson, has bargained for and paid two premiums for two separate policies. (Id. at 11-13.)

Finally, as to the five-factor test, as discussed above, Wilkow's denial of benefits to Samson was unjustified and did not have a solid basis in law and fact. Furthermore, Samson is in a much better position to bear the costs of this litigation than Samson, and these fees will act to deter companies such as Wilkow from improperly interpreting the language of other plans to their benefit and to the detriment of the policy holders. Brewer v. Protexall, Inc., 50 F.3d 453, 458-59 (7th Cir.1995).

Consequently, both the five-factor test and the "substantially justified" test dictate that this court should award Samson her attorneys' fees.

## II. Motion to Amend Judgment to Include an Award of Prejudgment Interest

Defendant Wilkow does not contest that Samson is presumptively entitled to prejudgment interest as the prevailing party in an ERISA action. See Rivera v. Benefit Trust Life Ins. Co., 921 F.2d 692 (7th Cir. 1991); Lorzen Retirement Plan of Sperry & Hurchinson Co., 896 F.2d 228 (7th Cir. 1990).

The parties, however, dispute the rate at which the court should award prejudgment interest. Both parties acknowledge that ERISA does not specify a prejudgment interest rate and that the Seventh Circuit has not addressed this issue. Samson contends that because ERISA does not specify a specific interest rate, the court should look to the "most analogous Illinois interest

rate statute." Wilkow argues that the prejudgment interest rate applicable to an award under ERISA is calculated on the basis of the Treasury Bill Rate specified at 28 U.S.C. § 1961.

Although the Seventh Circuit has not addressed the issue, numerous other circuits and district courts in this circuit have held that district courts have discretion to award prejudgment interest for an award under ERISA based on the Treasury Bill Rate specified at 28 U.S.C. § 1961. Ford v. Uniroyal Pension Plan, 154 F.3d 613, 616-619 (6th Cir. 1998); Cottrill v. Sparrow, Johnson & Ursillo, 100 F.3d 220, 225 (1st Cir. 1996); Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1330-31 (8th Cir. 1995); Babico v. Tempel Employees Pension Plan, No. 94 C 5808, 1996 WL 189297, at *9 (N.D. Ill. April 17, 1996).

Consequently, this court chooses to follow the above authorities and holds that Samson is entitled to prejudgment interest based on the Treasury Bill rate as specified in 28 U.S.C. § 1961.

## Conclusion

For the foregoing reasons, Plaintiff Judith Samson's motion for award of attorneys' fees [39-1] and motion to alter or amend judgment to include an award of prejudgment interest [35-1] are GRANTED. Plaintiff is directed to submit, within thirty (30) days, the required documentation of its attorneys's fees as required under Local Rule 54.3 and to submit the required calculation of prejudgment interest based on 28 U.S.C. § 1961.

ENTER:

*[signature]*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: 9-25-00